IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY MELVIN NEWSOME | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:17cv280-HSO-JCG |
| | § | |
| BOBBY FAIRLEY, *et al.* | § | DEFENDANTS |

**ORDER OVERRULING PLAINTIFF'S [47] OBJECTION; ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE'S [44] REPORT AND RECOMMENDATION; GRANTING DEFENDANT GIA MCLEOD'S [31] MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART DEFENDANTS BOBBY FAIRLEY, TERRY ROGERS, AND ERIC RICHARD'S [33] MOTION FOR SUMMARY JUDGMENT; AND DISMISSING CERTAIN OF PLAINTIFF'S CLAIMS**

BEFORE THE COURT is Plaintiff Anthony Melvin Newsome's Objection [47] to the Report and Recommendation [44] of United States Magistrate Judge John C. Gargiulo, entered in this case on January 28, 2019, regarding Defendant's Motions [31], [33] for Summary Judgment. Based upon a review of the parties' submissions, the record, and relevant legal authority, the Magistrate Judge recommended that Defendant Gia McLeod's Motion [31] for Summary Judgment be granted, that Defendants Bobby Fairley, Terry Rogers, and Eric Richard's Motion [33] for Summary Judgment be granted in part and denied in part, and that Plaintiff's remaining claims in this case be dismissed in their entirety. R. & R. [44] at 16.

After thoroughly reviewing Plaintiff's Objection [47], the Magistrate Judge's Report and Recommendation [44], the record, and relevant legal authority, the Court finds that Plaintiff's Objection [47] should be overruled and that the Magistrate Judge's Report and Recommendation [37] should be adopted in part and modified in part.

Defendant Gia McLeod's Motion [31] for Summary Judgment should be granted, and Defendants Bobby Fairley, Terry Rogers, and Eric Richard's Motion [33] for Summary Judgment should be granted in part and denied in part. Plaintiff's retaliatory-transfer claim against Defendant Gia McLeod, all of his claims against Defendants Bobby Fairley and Terry Rogers, and his retaliation claims against Defendant Eric Richard will be dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff's remaining religious accommodation claims against Defendants Eric Richard and Eugene Wigglesworth and his access-to-courts and retaliation claims against Defendant Gia McLeod for allegedly removing Plaintiff from educational and rehabilitative programs will proceed.

I. BACKGROUND

Plaintiff Anthony Melvin Newsome ("Plaintiff" or "Newsome") filed a Complaint [1-1] in the Circuit Court of Greene County, Mississippi, on August 30, 2017. Since the time he filed his Complaint [1-1], Plaintiff has been incarcerated with the Mississippi Department of Corrections ("MDOC") at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. *See* Compl. [1-1] at

13. Plaintiff's claims pertain to conduct that purportedly occurred while Plaintiff was incarcerated at SMCI, and during his earlier incarceration at a different facility, the George County Regional Correctional Facility ("GCRCF") located in Lucedale, Mississippi. Plaintiff states that he was incarcerated at GCRCF from 2015 until he was transferred to SMCI on August 15, 2017. *See* Pl.'s Decl. [10-1] at 2; Am. Compl. [5] at 5.

A. <u>Plaintiff's claims</u>

The original Complaint [1-1] advanced claims against Defendants Bobby Fairley, Terry Rogers, Eric Richard, Gia McLeod, and Eugene Wigglesworth[1] for alleged violations of: (1) the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §§ 1983, 1985, and 1986; (2) the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.* ("RLUIPA"); (3) the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq.* ("RFRA"); and (4) the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* *Id.* at 1, 3-4.

On October 4, 2017, Defendants Fairley, Rogers, and Richard removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, *see* Notice of Removal [1] at 1-2, and Defendants McLeod and Wigglesworth joined in the removal, *see* Joinder [3] at 1. Plaintiff then filed an Amended Complaint [5], advancing the same claims against Defendants Fairley, Rogers,

---

[1] According to the Complaint, Fairley was GCRCF's warden, Richard was its chaplain, and Rogers was an administrative assistant at the facility. Compl. [1-1] at 3; *see also* Am. Compl. [5] at 3-4. Wigglesworth "was employed as MDOC Chaplaincy Department Director," and McLeod "was employed by MDOC as Inmate Legal Assistant Program (ILAP) Director." Am. Compl. [5] at 3-4.

3

Richard, McLeod, and Wigglesworth. Based upon the factual allegations contained in Plaintiff's pleadings, it appears that he is pursuing claims against Fairley, Richard, and Wigglesworth for denial of religious accommodation, against Rogers and McLeod for denial of access to courts, and against Fairley, Rogers, Richard, and McLeod for retaliation. *See* Am. Compl. [5] at 34-39.

Plaintiff and Defendants Fairley, Rogers, and Richard filed Motions [7], [22] requesting a *Spears* hearing. *See Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985). On May 11, 2018, the Magistrate Judge denied the Motions and indicated that the Court would first address, as a threshold issue, whether Plaintiff's claims had been properly exhausted. *See* Order [29] at 1-3. The Magistrate Judge set a June 13, 2018, deadline for Defendants to file motions based upon Plaintiff's failure to exhaust administrative remedies.

B.  Defendants' Motions for Summary Judgment

On June 12, 2018, Defendant McLeod filed a Motion [31] for Summary Judgment, arguing that Plaintiff's claims against her should be dismissed for failure to exhaust administrative remedies. *See* Mot. [31] at 1-2. McLeod provided the Court with the Declaration of Richard Pennington ("Pennington"), the Director of the Administrative Remedy Program ("ARP") for the Mississippi Department of Corrections ("MDOC"). According to Pennington, "[t]here is no record that Offender Newsome has properly submitted any grievances alleging that Gia McLeod wronged or harmed him in any way." Decl. of Pennington [31-1] at 1.

4

Pennington also submitted a Grievance Detail Report that listed Plaintiff's grievances on record from 2008 until June 11, 2018, as well as an unsuccessfully attempted grievance dated February 28, 2013. This particular grievance was returned to Plaintiff with instructions on how to correct and resubmit it. According to Pennington, "ARP has no record of Newsome correctly resubmitting this complaint." *Id.*

On June 13, 2018, Defendants Bobby Fairley, Terry Rogers, and Eric Richard filed a Motion [33] for Summary Judgment, also seeking dismissal based upon Plaintiff's purported failure to exhaust administrative remedies. *See* Mot. [33] at 1-2. Defendant Fairley submitted an Affidavit [34-2] stating that while Plaintiff filed grievances concerning the complained-of matters, he failed to exhaust the administrative remedies process because he did not file a Step 3 appeal, even though Plaintiff was aware of the existence of the administrative remedies program at GCRCF and its procedures. Aff. of Fairley [34-2] at 1.

C. The Magistrate Judge's Report and Recommendation [44]

On January 28, 2019, the Magistrate Judge entered a Report and Recommendation [44]. The Magistrate Judge determined that Plaintiff had not properly exhausted his retaliatory-transfer claim against McLeod, such that this claim should be dismissed. *See* R. & R. [44] at 6-8. Because McLeod's Motion [31] for Summary Judgment only referred to Plaintiff's failure to exhaust that one retaliatory-transfer claim, the Magistrate Judge recommended that McLeod's Motion [31] be granted, and that the one retaliatory-transfer claim against McLeod

5

be dismissed.

The Magistrate Judge also found that Plaintiff failed to exhaust all of his claims against Fairley, Rogers, and Richard, except for his religious accommodation claims against Richard. *Id.* Therefore, the Magistrate Judge recommended that Fairley, Rogers, and Richard's Motion [33] for Summary Judgment be granted in part and denied in part.

This left Plaintiff's remaining religious accommodation claims against Richard and Wigglesworth, his access-to-courts claims against McLeod, and part of his retaliation claims against McLeod.[2] Pursuant to the provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915A(b), the Magistrate Judge proceeded to screen these remaining claims, found that they were all meritless, and recommended that they be dismissed. *See* R. & R. [44] at 8-16. Plaintiff has submitted an Objection [47] to the Report and Recommendation [44], which focuses upon exhaustion and his access-to-courts claims.

## II. DISCUSSION

A. Standard of review

Because Plaintiff has submitted a written Objection [47] to the Magistrate Judge's Report and Recommendation [44], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or

---

[2] The Magistrate Judge explained that while McLeod's Motion [31] for Summary Judgment only addressed the retaliatory-transfer claim, the Amended Complaint [5] also alleges that Defendants removed Plaintiff from educational and rehabilitative programs in retaliation for his actions. *See* R. & R. [44] at 8 n.1. For this reason, the retaliation claims against McLeod are broader than just a single retaliatory transfer. *See id.*

6

recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark,* Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

B.  Defendants' Motions for Summary Judgment

Defendants McLeod, Fairley, Rogers, and Richard seek summary judgment based upon Plaintiff's alleged failure to exhaust administrative remedies. Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

1.  The PLRA's exhaustion requirement

"Before bringing suit, the Prison Litigation Reform Act ('PLRA') requires that a prisoner exhaust all available administrative remedies." *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (citing 42 U.S.C. § 1997e(a)). The PLRA mandates proper exhaustion, meaning that "prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)). Therefore, "[e]xhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from

7

them."  *Cowart v. Erwin*, 837 F.3d 444, 452 (5th Cir. 2016).

The United States Court of Appeals for the Fifth Circuit takes a strict approach to the exhaustion requirement, meaning that "mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion." *Butts*, 877 F.3d at 582 (quoting *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010)). According to the Fifth Circuit, "[a]n inmate's grievance must be sufficiently specific to give 'officials a fair opportunity to address the problem that will later form the basis of the lawsuit.'"  *Id.* (quoting *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004)).  Because exhaustion is an affirmative defense, the burden is on the defendant to demonstrate that a plaintiff failed to exhaust available administrative remedies prior to filing suit.  *Cowart*, 837 F.3d at 451 (quotation omitted).

The mandatory exhaustion language contained in the PLRA "means a court may not excuse a failure to exhaust, even to take [any special] circumstances into account."  *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016).  The exhaustion requirement "hinges on the availability of administrative remedies."  *Id.* at 1858. Therefore, "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of."  *Id.* at 1859.

According to the United States Supreme Court, there are three circumstances under which "an administrative remedy, although officially on the books, is not capable of use to obtain relief":  (1) when an administrative procedure operates as a "simple dead end – with officers unable or consistently unwilling to provide any

8

relief to aggrieved inmates"; (2) when an administrative scheme is "so opaque that it becomes, practically speaking, incapable of use," such that no ordinary prisoner can discern or navigate the mechanism that exists; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

The MDOC has established a two-step Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint or grievance relating to his incarceration. *See Wheater v. Shaw*, 719 F. App'x 367, 369–70 (5th Cir. 2018); *see also Lee v. M.C.C.V./M.T.C.*, No. 3:16CV218-MPM-DAS, 2018 WL 1800857, at *4 (N.D. Miss. Apr. 16, 2018).

> The MDOC ARP is a two-step process set forth in the Inmate Handbook. An inmate must file a grievance within 30 days of the complained-of incident. The grievance is reviewed by the prison's legal-claims adjudicator and, if there is an adverse response at the first step, the inmate may appeal to step two. If the inmate disagrees with the step-two response, he may sue.

*Wheater*, 719 F. App'x at 369–70 (citations omitted).

GCRCF also has in place administrative procedures by which an inmate may seek formal and informal review of complaints. *See* Procedures [34-1] at 1-7. "Inmates are required to use the Administrative Remedy Program before they can proceed with a suit in Federal and State Courts." *Id.* at 2. That procedure involves a three-step process. *See id.* at 1-7. The first formal step is a written letter from the inmate addressed to the Legal Claims Adjudicator within 30 days of an alleged event, which must contain the phrase "This is a request for

9

Administrative Remedy," and which briefly sets out the basis for the inmate's claim and describes the relief sought. *Id.* at 3-4. "If the inmate is not satisfied with the information gathered at Step One, he should pursue his grievance to the Facility Administrator via Step Two, where a decision on the matter shall be made." *Id.* at 1. "An inmate who is dissatisfied with the Second Step review may appeal to the Commissioner or his designee," commencing Step Three. *Id.* at 7. "If an inmate is not satisfied with the Third Step response, he may seek judicial review within 30 days after receipt and signing for the decision." *Id.*

2. Exhaustion of Plaintiff's claims

Based upon a thorough review of the competent summary judgment evidence in the record, the Court agrees with the Magistrate Judge that Plaintiff did not properly exhaust the following claims: (1) Plaintiff's retaliatory-transfer claim against Defendant McLeod; (2) all of Plaintiff's claims against Fairley and Rogers; and (3) Plaintiff's retaliation claims against Richard. Plaintiff has presented some evidence that at various times he wrote letters to officials pertaining to his conditions of confinement, but Defendants have shown that Plaintiff failed to properly exhaust the available administrative remedies for these claims. While Plaintiff appears to assert that administrative remedies were unavailable to him, he has submitted no competent summary judgment evidence to show that any of the three circumstances described by the Supreme Court are present in this case to the degree that "an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Ross*, 136 S. Ct. at 1859.

Based upon the foregoing, McLeod's Motion [31] for Summary Judgment will be granted as to Plaintiff's retaliatory-transfer claim against her. Defendants Fairley, Rogers, and Richard's Motion [33] for Summary Judgment will be granted to the extent it seeks dismissal of all of Plaintiff's claims against Defendants Fairley and Rogers, and his retaliation claims against Defendant Richard.

C. Plaintiff's remaining claims

The only claims which remain are those against McLeod for denial of access to courts and for retaliation for allegedly removing Plaintiff from educational and rehabilitative programs, and the claims against Defendants Richard and Wigglesworth for denial of religious accommodation under the First Amendment, RLUIPA, and RFRA. Applying 28 U.S.C. § 1915A(b)(1), the Magistrate Judge recommended dismissal of these claims for failure to state a claim and/or for being frivolous.

1. The PLRA's dismissal standard

Under the PLRA, a prisoner's complaint seeking redress from a governmental entity or an officer or employee of a governmental entity should be dismissed in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). "A complaint that 'lacks an arguable basis either in law or in fact' is frivolous." *Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "The complaint has no arguable basis in law if it alleges the violation of a legal interest which clearly does not exist." *Id.* (quotation omitted).

In determining whether a complaint fails to state a claim under the PLRA, the Fifth Circuit employs the same standard used to consider a request for dismissal under Federal Rule of Civil Procedure 12(b)(6). *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). Under this standard, "[a] complaint will survive a motion to dismiss if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The factual allegations must 'raise a right to relief above the speculative level.'" *Carlucci*, 884 F.3d at 538 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A plaintiff meets this standard when he 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *DeMoss*, 636 F.3d at 152 (quoting *Iqbal*, 556 U.S. at 678).

In considering whether a complaint states a claim for relief, a court must take the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017). However, a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Therefore, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*

12

Unlike Rule 12(b)(6), however, the PLRA "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. These include "claims describing fantastic or delusional scenarios . . . ." *Id.* at 328.

2. Application of the PLRA to Plaintiff's remaining claims

Plaintiff's remaining claims against McLeod are for denial of access to courts and for retaliation for allegedly removing Plaintiff from educational and rehabilitative programs, and against Defendants Richard and Wigglesworth for denial of religious accommodation under the First Amendment, RLUIPA, and RFRA. Having considered and liberally construed the allegations in Plaintiff's pleadings and his other filings in this Court, and given the current procedural posture of this case, the Court is of the view that it would be premature at this stage to dismiss these claims under 28 U.S.C. § 1915A.

III. CONCLUSION

Following a de novo review, Plaintiff's Objection [47] will be overruled, and the Magistrate Judge's Report and Recommendation [44] will be adopted in part and modified in part, as stated herein. McLeod's Motion for Summary Judgment will be granted, and Fairley, Rogers, and Richard's Motion will be granted in part and denied in part. Plaintiff's retaliatory-transfer claim against McLeod, all of his claims against Fairley and Rogers, and his retaliation claims against Richard will

13

be dismissed without prejudice for failure to exhaust. Plaintiff's remaining claims against Richard and Wigglesworth for denial of religious accommodation, and against McLeod for denial of access to courts and retaliation for allegedly removing Plaintiff from educational and rehabilitative programs, will proceed at this time.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Anthony Melvin Newsome's Objection [47] to the Report and Recommendation [44] of United States Magistrate Judge John C. Gargiulo is **OVERRULED**, and the Report and Recommendation [44] of United States Magistrate Judge John C. Gargiulo, entered in this case on January 28, 2019, is **ADOPTED IN PART and MODIFIED IN PART**, as stated herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Gia McLeod's Motion [31] for Summary Judgment is **GRANTED**, and Defendants Bobby Fairley, Terry Rogers, and Eric Richard's Motion [33] for Summary Judgment is **GRANTED IN PART and DENIED IN PART**, as stated herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Anthony Melvin Newsome's retaliatory-transfer claim against Defendant Gia McLeod, all of his claims against Defendants Bobby Fairley and Terry Rogers, and his retaliation claims against Defendant Eric Richard are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. Plaintiff Anthony Melvin Newsome's remaining claims against Defendants Eric Richard and Eugene Wigglesworth for denial of religious accommodation under the First Amendment, RLUIPA, and RFRA, and his claims against Defendant Gia McLeod for denial of

14

access to courts and retaliation for allegedly removing Plaintiff from educational and rehabilitative programs will proceed.

**SO ORDERED AND ADJUDGED**, this the 12th day of March, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE